### MARY MELLUS *versus* WILLIAM SNOWMAN.

Where the wife became entitled to the premises, as heir at law, during her coverture, and her husband conveyed his life estate therein, and his grantee continued in possession for more than thirty years, the husband still living; she may, after the decease of her husband, make an entry and recover the land.

Thus, where the demandant, on the death of her father, in 1800, became entitled to one fifth of the demanded premises, as an heir at law, she then being the wife of H. M. who soon afterwards conveyed " *his right to the estate, and gave a deed of it in which his wife did not join;*" and his grantee entered into possession, and he and those claiming under him, of whom the tenant is one, have since continued in possession; and in 1832 the husband of the demandant died, and in 1840 she made an entry, and brought this suit; *It was held,* that by the deed of the husband his grantee could hold his life estate; that the demandant could not lawfully enter or interrupt this possession during the life of her husband; that her rights were not barred by the statute of limitations; and that she was entitled to recover.

But if the demandant and her husband had been disseised during the coverture, they would have had a right to enter immediately upon the disseisor, and from that time the statute of limitations would have commenced running against the husband, and against the wife also.

If a division of the real estate of an intestate among the heirs be commenced by virtue of proceedings in the Probate Court, but do not appear to have been accepted or recorded in that Court, and the records are apparently entire, and no loss of any papers of the probate office is shown, and no assent of one of the heirs at law appears; the division will not be binding upon such heirs, although an occupation by others according to it has continued for more than thirty years.

WRIT of entry, demanding a tract of land in Georgetown. With the general issue, the tenant put in a brief statement, alleging that he, and those under whom he claimed, one of whom was Benjamin Riggs, had held the premises peaceably and quietly for the period of forty years next before the bringing of the suit, and relied upon the statute of limitations.

Thomas Stephens owned a farm in Georgetown of which the demanded premises were a part, and died seised thereof, intestate, in the year 1800, leaving five children as his heirs, of whom were the demandant and Charles Stephens. Before her father's death, she was married to Henry Mellus, and remained

covert until his death, in 1832, less than eight years before the commencement of this action. Before the suit was brought she made an entry into the premises.

Soon after the death of his father, Charles Stephens, as the report of the case states, " took possession of the part of the farm afterwards set off, or attempted to be, to him and to the plaintiff, and, as he testified, purchased of Henry Mellus his right to the estate for forty dollars, and took a deed of it of him, in which his wife did not join, and that the deed is lost." On Sept. 6, 1804, Charles Stephens conveyed to Benjamin Riggs the tract of land in his possession, and the same has ever since been occupied under Riggs and his grantee unmolested until the entry of the demandant.

On Sept. 12, 1806, a warrant issued from the Probate Court for the division of the estate of Thomas Stephens among his heirs at law. The commissioners were sworn, and made, in writing by them signed, a division of the estate, bearing date Jan. 15, 1807, which was found on the Probate files, but was not recorded, and there is no memorandum to be found, that it was ever acted upon or accepted in the Probate Court. Upon this paper was this memorandum. " The undersigned heirs have consented to the division." This was signed by " Benjamin Riggs for Charles Stephens and Henry Mellus," and by the other three heirs. The occupation by the heirs, and those claiming under them, has corresponded with that return by the commissioners. The demanded premises are the same set off to Henry Mellus.

If upon these facts the demandant is entitled to recover, the tenant is to be defaulted, and judgment to be entered for such portion, as she may be entitled to recover ; and if not entitled to recover, a nonsuit is to be entered.

*Whitmore*, for the demandant, contended, that she could not be disseised during the life of her husband. Her husband had a life estate commencing at the same instant as her reversionary right, and she had no right of entry during its continuance. There can be no possession adverse to the remainder man during the continuance of the life estate. *Jackson* v.

*Sellick,* 8 Johns. R. 202 ; *Jackson* v. *Cairns,* 20 Johns. R. 301 ; *Jackson* v. *Schoonmaker,* 4 Johns. R. 390.

But during the continuance of the life estate, the husband sold to Charles Stephens, and he to Riggs, under whom the tenant claims. A life estate only passes by the deed, whatever its form. Stearns, 9, 11, 47. Where a rightful title to the occupation is disclosed, the tenant cannot set up a title as acquired by wrong. 12 Johns. R. 365 ; 10 Johns. R. 446 ; *Stearns* v. *Godfrey,* 16 Maine R. 161 ; *Tinkham* v. *Arnold,* 3 Greenl. 120 ; 7 Wheat. 59. Riggs acknowledged the existence of the reversionary interest by signing for Henry Mellus alone. On the death of her father, the demandant took but a limited fee, the right to the land on the death of her husband.

The several occupations according to an illegal partition may operate as a partition among the tenants in common. 1 Cowper, 214, 217 ; 4 Johns. R. 202; 9 Johns. R. 270; 13 Johns. R. 367 ; 16 Maine R. 25 ; Greenl. on Ev. 24, citing 1 N. H. Rep. 310. But if not entitled to recover the whole, we may one fifth.

*Mitchell,* on the same side, cited Fitzh. N. Br. 211 ; Stearns, 326 ; 4 Coke, 8; Co. Lit. 342 ; *Butler* v. *Howe,* 13 Maine R. 397 ; Plowden, 363, 465 ; Cro. Car. 23 ; 2 Kent, 130 ; *Wallingford* v. *Hearl,* 15 Mass. R. 471 ; *Bruce* v. *Wood,* 1 Metc. 542.

*Groton,* for the tenant, said that the Mass. Stat. of limitations of 1781, and ours of 1821, c. 62, were the same, and therefore it was immaterial which was to govern. The demandant and her husband could have enforced their right at any time, but they have laid by for twenty years since the right accrued, and for an additional ten years, and more, without enforcing their rights, and the statute has become a complete bar. Where a person is a married woman, when her right accrues, ten years additional only are given to her by the statute to enforce her right. When the statute of limitations has once commenced running, no subsequent event can interrupt its progress, and after twenty years no writ of formedon can be supported. *Dow* v. *Warren,* 6 Mass. R. 328 ; 4 Dane, c.

114, Title, Remainder and Reversion. There is no more difficulty in this case, than there would have been, had the marriage taken place one year after her father's death instead of one year before. The statute is alike a bar in both cases. 

Henry Mellus, by his deed of a part of the land held in common by metes and bounds, conveyed nothing to Riggs, not even a life estate. Jackson on Real actions, 250. The tenant and those under whom he claims, have occupied the land for forty years, claim the fee against every one, and the statute forbids his being disturbed.

*Mitchell* replied.

The opinion of the Court was drawn up by

SHEPLEY J. — The demandant at the death of her father, Thomas Stephens, in the year 1800, became entitled to one fifth part of his estate. The possession of her brother Charles, after the father's death, does not appear to have been adverse to her or to the other heirs at law. As one of them he had a right to enter, and he soon after purchased of Henry Mellus, the husband of the demandant, " his right to the estate, and took a deed of it of him, in which his wife did not join." Charles Stephens conveyed to Benjamin Riggs, in 1804, who, in 1827, conveyed to the tenant and another. The estate has been occupied under these conveyances ever since the execution of the deed by the husband of the demandant. She was married to Henry Mellus before the death of her father, and continued under coverture until the year 1832. Since the death of her husband, she has caused an entry to be made upon the premises demanded. It is insisted, that her rights are barred by the statute of limitations. The statute, c. 62, § 3, provided, that no person, unless by judgment of law, should make entry into lands but within twenty years next after the right or title to do so first descended or accrued. And it allowed a *feme covert* ten years after the expiration of the twenty years. When did the right of the demandant to make entry upon these premises first accrue ? Her husband

was entitled to the usufruct during life, and could convey the the same. The entry of his grantee, Charles Stephens, was rightful, and he could legally convey to Riggs, who was entitled to possess and occupy the estate conveyed to him. The attempt of Charles Stephens to convey the whole fee did not deprive his grantee of the right to hold so much of it as he might legally convey. The demandant could not lawfully enter or interrupt that possession during the life of her husband. And she has entered within twenty years after her first right of entry accrued, and is entitled to recover. And such was the decision in the case of *Bruce* v. *Wood*, 1 Met. 542.

If she and her husband had been disseised during the coverture, they would have had a right to enter immediately upon the disseisor and from that time the statute would have commenced running against the husband ; and against the wife also, as decided in the case of *Melvin* v. *The Proprietors of Locks and Canals on Merrimack river*, 16 Pick. 161. In that case it is said, " it is true, that if Kittridge [the disseisor] had held under the husband, the wife would have had no right to enter."

The division of the estate among the heirs, commenced by virtue of proceedings in the Court of Probate, does not appear to have been completed and accepted in that court, so as to become binding upon the heirs as a partition according to the statute. In the case of *Hathaway* v. *Clark*, 5 Pick. 490, the Court said, that " as the records apparently are entire and no loss of any of the papers in the probate office is suggested, we cannot, even after the lapse of more than thirty years, presume that any decree passed, or that any notice was given, which does not appear." There is no proof in this case of any loss of papers or records. Those who assented to it in writing and their grantees by the continued occupation accordingly may be bound by it. Riggs professes to sign for the husband of the demandant, but there is no reason to conclude that he had any other authority, than what he had acquired by the conveyances of his interest. And there is no assent to it by any one entitled to represent the rights of the demandant or to bind

her. No one can have acquired a title as against her by disseisin, and there is no legal division. She is therefore entitled to recover one undivided fifth part of the premises demanded.